IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                 07-CR-50-01-BR

       Plaintiff,                     OPINION AND ORDER

v.

JORGE ORTIZ OLIVA,

       Defendant.

**KENT S. ROBINSON**
Acting United Sates Attorney
**KATHLEEN L. BICKERS**
Assistant Untied States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiffs

**THOMAS K. COAN**
1001 S.W. Fifth Ave., Suite 1400
Portland, OR 97204
(501) 221-8736

       Attorney for Defendant Jorge Ortiz Oliva

1   - OPINION AND ORDER

**BROWN, Judge:**

This matter comes before the Court on the government's Motion for Reconsideration (#394) of that part of Jorge Ortiz Oliva's Motion to Suppress (#344) that was granted by the Court on August 7, 2009.  For the following reasons, the Court **GRANTS** the government's Motion and, on reconsideration, **DENIES** Jorge Ortiz Oliva's Motion to Suppress (#344) in its entirety and also **DENIES as moot** Defendant Ortiz-Oliva's Motion to Suppress Wiretap Evidence (#400) derived from the wiretap orders relating to TT 10 and TT 11.

## BACKGROUND

In this case, the government has prosecuted fifteen defendants allegedly involved in a widespread poly-substance drug-trafficking conspiracy.  The government submitted applications for and obtained multiple Court Orders allowing the wiretapping of 23 cell phones owned by Oliva and other alleged co-conspirators.  This Court, however, suppressed evidence derived from the wiretapping of two of the cell phones (TT 10 and TT 11) because the government did not articulate in its response to Oliva's Motion to Suppress adequate reasons to support the necessity of the wiretap for those two cell phones. Specifically, the government merely cited an incident when the

owner of cell phone 11 performed a sudden u-turn while driving his vehicle down the middle of the street.

In the pending Motion for Reconsideration, the government asserts it was "remiss in adequately highlighting for the court and explaining its position with respect to the important necessity provisions set forth in [the Affidavit of Task Force Officer Darrin Phillips] for TT 10 and TT 11."

## DISCUSSION

Three days before this Court issued its Order suppressing evidence derived from the wiretaps of TT 10 and TT 11, the Ninth Circuit in *United States v. Reed,* No. 06-50040, 2009 WL 2366556 (9th Cir. Aug. 4, 2009), addressed the necessity requirement in the context of a drug-manufacturing and distribution conspiracy similar in some respects to that alleged in this case.  The court employed a "common-sense approach" to determine the "reasonableness" of the government's "decision to forgo [traditional investigative] tactics based on the unlikelihood of their success or the probable risk of danger involved with their use."  *Id.,* at *5.  "'[L]aw enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap.'"  *Id.,* at *6 (internal citation omitted).  The court issuing the wiretap order "has considerable discretion in finding necessity, particularly where the case involves the investigation

3  - OPINION AND ORDER

of a conspiracy." *Id.* "If the government can demonstrate that ordinary investigative techniques would not disclose information covering the scope of the drug trafficking enterprise under investigation [as a whole], then it has established necessity for the wiretap." *Id.,* at *7.

Here the government concedes it did not clearly explicate its specific reasons for seeking wiretap orders for TT 10 and TT 11 in its response to Oliva's Motion to Suppress in the first instance. The government contends, however, that its Affidavit to the issuing court in support of the wiretap orders for these cell phones met the requirements laid out by the Ninth Circuit in *Reed*. This Court agrees.

In its Motion to Reconsider, the government explicitly sets forth those parts of the Affidavit specific to TT 10 and TT 11 that justify the need for wiretaps on each of those phones. Defendants Pablo Barajas Lopez and Jose Gamino Villasenor are identified as "key members of [Oliva's alleged] drug trafficking organization" who were at the time "facilitating drug transactions," including Oliva's attempt to obtain "a large amount of methamphetamine." As in earlier affidavits, the Affidavit specific to TT 10 and TT 11 recites the government's difficulties in further utilizing certain confidential sources (CS-1, CS-2, CS-3, CS-4, CS-5, CS-6, and CS-7) and sources of information (SOI-1, SOI-2, and SOI-3) and avers "[t]here are no

4 - OPINION AND ORDER

other confidential or non-confidential sources or information known to have high-level access to the Subjects of this wiretap in Oregon." The government also states "law enforcement activities which have taken place near targets of this investigation or near associates of targets of this investigation have caused targets to frequently change telephones."

Based on this supplemental showing by the government, the Court concludes the government has, within the context of the Affidavit specific to TT 10 and TT 11, established the necessity for wiretapping conversations by and between the alleged conspirators as to these cell phones because of the stated limitations in using traditional investigative techniques (*e.g.*, CSs/SOIs), the scope of the alleged drug conspiracy, and the apparent awareness of alleged members of the conspiracy that their activities were under investigation by law enforcement. In short, the government has established it did not obtain wiretaps as the initial step in its investigation, but has shown, albeit belatedly, that it became necessary to obtain multiple wiretap orders in part because of the frequency with which the targets of the government's investigation replaced their cell phones. Based on the government's supplemental showing, that was the case as to cell phones TT 10 and TT 11 as well as to the other wiretap orders that this Court has previously upheld.

Accordingly, the government has made a strong showing to support its request that the Court reconsider its Order granting in part Oliva's Motion to Suppress.

## CONCLUSION

For these reasons, the Court **GRANTS** the government's Motion for Reconsideration (#394) of that part of Jorge Ortiz Oliva's Motion to Suppress (#344) that was granted on August 7, 2009.

On reconsideration, the Court **DENIES** Jorge Ortiz Oliva's Motion to Suppress (#344) in its entirety.  Accordingly, the otherwise admissible evidence derived from the wiretaps of TT 10 and TT 11 is admissible in this matter and Oliva's Motion to Suppress (#400) that derivative evidence is **DENIED as moot**.

IT IS SO ORDERED.

DATED this 10th day of September, 2009.

                                           /s/ Anna J. Brown
                                        ANNA J. BROWN
                                        United States District Judge