**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA,**                3:07-CR-00050-BR
                                             (3:14-CV-00463-BR)
                         **Plaintiff,**
                                             OPINION AND ORDER
**v.**

**JORGE ORTIZ OLIVA,**

                         **Defendant.**


**S. AMANDA MARSHALL**
United States Attorney
**KATHLEEN L. BICKERS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

              Attorneys for Plaintiff

**JORGE ORTIZ OLIVA**
#60847-065
F.C.C. U.S.P. 1
P.O. Box 1033
Coleman, FL 33521

              Defendant, *Pro Se*


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Jorge Ortiz Oliva's Motion (#724) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DECLINES** to issue a certificate of appealability.


## BACKGROUND

On August 20, 2009, Defendant was charged in a Third Superseding Indictment with (1) "Drug Trafficking Conspiracy" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(vii), 841(b)(1)(A)(viii), and 846; (2) "Distribute Cocaine" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii); (3) "Manufacture Marijuana" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1); (4) "Distribute Marijuana" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (5) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).

On September 29 through October 8, 2009, Defendant's case proceeded to trial on Counts One, Three, and Four (Drug Trafficking Conspiracy, Manufacture Marijuana, and Distribute Marijuana) of the Third Superseding Indictment.

On October 8, 2009, the jury rendered a Verdict finding Defendant guilty on all counts.

On April 19, 2010, the Court sentenced Defendant to a term of 360 months imprisonment and six years supervised release.  On April 26, 2010, the Court entered a Judgment, and on April 27, 2010, the Court entered an Amended Judgment.

On April 27, 2010, Defendant filed a Notice of Appeal to the Ninth Circuit.  On December 27, 2012, the Ninth Circuit affirmed Defendant's conviction and sentence.

On March 20, 2014, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.  The Court took Defendant's Motion under advisement on June 16, 2014.


**STANDARDS**

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> * * *

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall

discharge the prisoner or resentence him or grant
a new trial or correct the sentence as may appear
appropriate.

Although "the remedy [under § 2255] is . . . comprehensive,
it does not encompass all claimed errors in conviction and
sentencing. . . .  Unless the claim alleges a lack of
jurisdiction or constitutional error, the scope of collateral
attack [under § 2255] has remained far more limited." *United
States v. Addonizio*, 442 U.S. 178, 185 (1979).


## DISCUSSION

Defendant moves to vacate or to set aside his sentence on
the ground of ineffective assistance of counsel.  Specifically,
Defendant raises thirteen grounds on which he alleges his counsel
was deficient.

I.    **Standards**

The Supreme Court has established a two-part test to
determine whether a defendant has received constitutionally
deficient assistance of counsel.  *Premo v. Moore*, 131 S. Ct. 733,
739 (2011).  *See also Strickland v. Washington*, 466 U.S. 668,
678, 687 (1984).  Under this test a defendant must not only prove
counsel's assistance was deficient, but also that the deficient
performance prejudiced the defense.  *Premo*, 131 S. Ct. at 739.
*See also Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012);
*Ben-Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012).

4 - OPINION AND ORDER

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992)(citing *Strickland*, 466 U.S. at 687-88)). *See also Sexton*, 679 F.3d at 1159 (citing *Premo*, 131 S. Ct. at 739). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. *See also Detrich v. Ryan*, 677 F.3d 958, 973 (9th Cir. 2012). There is a strong presumption that counsel's assistance was adequate. *Strickland,* 466 U.S. at 689. *See also Sexton*, 679 F.3d at 1159. To overturn a guilty plea, the defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010).

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *See also Sexton*, 679 F.3d at 1159-60. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. *See also Sexton*, 679 F.3d at 1160.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland,* 466 U.S. at 697. *See also Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697. *See also Heishman*, 621 F.3d at 1036.

## II.  Ground One

In his first ground for relief Defendant asserts defense counsel, Thomas Coan, was ineffective when he failed to challenge the consent given by "Ms. Limon" to "Agent Khansmith" to search Defendant's overnight bags left at Ms. Limon's residence.

The record reflects, however, defense counsel asserted in Defendant's August 28, 2009, Motion (#399) to Suppress that "Ms. Limon did not have actual authority to allow a search of [Defendant's] belongings as he would not even let her look through his belongings. Neither did she have apparent authority."  In addition, at oral argument on the Motion to Suppress Coan cross-examined Agent Kahnsmith as to whether Limon told Agent Kahnsmith that she had permission to allow him to search Defendant's bags.

On this record the Court concludes Coan did not render ineffective assistance with respect to the consent given by Limon

6 - OPINION AND ORDER

to Agent Kahnsmith to search Defendant's bags left at Limon's

residence.

**III. Ground Two**

In his second ground for relief Defendant asserts Coan was

ineffective when he failed to move to dismiss the Third

Superseding Indictment on the ground that it was "devoid [of] any

language which put the defendant on notice that the U.S. intended

to establish criminal liability under [18 U.S.C. §§] 2(a), 2(b)."

18 U.S.C. §§ 2(a) and (b) provide:

> (a) Whoever commits an offense against the United
> States or aids, abets, counsels, commands, induces
> or procures its commission, is punishable as a
> principal.

> (b) Whoever willfully causes an act to be done
> which if directly performed by him or another
> would be an offense against the United States, is
> punishable as a principal.

Contrary to Plaintiff's assertion, the Third Superseding

Indictment contains more than three pages of allegations related

to the government's charge of "Drug Trafficking Conspiracy" and

Defendant's part in the conspiracy to distribute and to posses

with intent to distribute and to manufacture methamphetamine,

cocaine, and marijuana.  In addition, at trial substantial

evidence was presented regarding Defendant's leadership of the

conspiracy, his direct involvement in the management of the

marijuana fields, his personal control over numerous high-level

drug transactions and shipments, and his work in conjunction with

others in these activities.

On this record the Court concludes Coan did not render
ineffective assistance with respect to seeking dismissal of the
Third Superseding Indictment on the ground that it was "devoid
[of] any language which put the defendant on notice that the U.S.
intended to establish criminal liability under [18 U.S.C.
§§] 2(a), 2(b)."

## IV.  **Ground Three**

In his third ground for relief Defendant asserts Coan was
ineffective when he failed to move to suppress wiretap evidence
on the ground of lack of jurisdiction over the mobile
interception device (MID).  Specifically, Defendant asserts:

> Recent case law has established that Title III
> U.S.C. 2518(3) is ambiguous [*sic*] and that a judge
> cannot authorize the interception of
> communications if the m.i.d. was not validly
> authorized; that at the time the warrant was
> issued, the property on which the device is to be
> installed is not located in the judge's
> jurisdiction.

Def.'s Mot. at 4-5.

In *United States v. Luong* the Ninth Circuit held the
district court had jurisdiction to authorize interception of
communications to and from a mobile telephone used by the
defendant even though that telephone was located outside of the
district court's territorial jurisdiction because the
government's listening post was located within the court's
territorial jurisdiction and the intercepted communications would

8 - OPINION AND ORDER

first be heard by the government within the court's district. 471 F.3d 1107, 1109-10 (9th Cir. 2006).

Here Defendant does not identify the "recent case law" that he relies on to support his contention that a judge cannot authorize the interception of communications if the property on which the MID is to be installed is not located in the judge's jurisdiction. The government, however, notes in its Response that in *United States v. Glover*, 736 F.3d 509 (D.C. Cir. 2013), the United States Court of Appeals for the District of Columbia declined to extend the holding of *Luong* to situations involving the installation of a "listening device on private property." The court specifically distinguished the placement of listening devices from wiretaps on telephones:

> The government points to a handful of cases in which courts have found that an "interception" under Title III [of § 2518] takes place at both the location of the listening post and at the location of a tapped phone.
>
> * * *
>
> Of course, the statute does not refer to a "listening post," and none of the cases cited by the government addresses the jurisdiction of the issuing court to authorize law enforcement officers to covertly place a listening device on private property. All of those cases addressed phone taps, and . . . a tap is not placed in the telephone handset itself; it is attached to the telephone line at some distance from the handset. . . . Whatever the merits of those decisions, they do not address the issue before us.

*Id.* at 514-15 (quotations and citations omitted).

9 – OPINION AND ORDER

As noted, Defendant does not point to any case that supports his assertion that the MID in this matter was not validly authorized.

The Court, therefore, concludes Coan did not render ineffective assistance when he did not move to suppress wiretap evidence on the ground that the MID was not validly authorized.

## V.    Ground Four

In his fourth ground for relief Defendant asserts defense counsel Coan and Helen Cooper were ineffective because they failed to request a competency hearing for Defendant before trial.

Coan testifies in his Declaration that "I did not request a competency-hearing because I believed Mr. Ortiz-Oliva fully understood the charges against him, and the roles of the prosecutor, the judge, the jury and his attorney.  This was not his first criminal case, and he appeared to understand the proceedings."  Decl. of Thomas Coan at 3.  Similarly, Cooper testifies in her Declaration that while she was defense counsel:

> I met with Petitioner approximately 30 times and spent considerable time with him discussing his case.  During that time I did not observe Petitioner have any difficulty understanding the nature of the criminal charges against him, the evidence in support of those charges, or the maximum penalties that could be imposed if he was found guilty.

> * * *

> During the time I was representing Petitioner, I

10 - OPINION AND ORDER

> had been a criminal defense attorney for
> approximately 20 years and had represented
> hundreds of defendants.  Petitioner's knowledge
> and understanding of the criminal justice system
> was apparent during my interactions with him as
> evidenced by his questions and instructions.  In
> fact, during my meetings with Petitioner, he
> repeatedly advised me that he was researching the
> laws and statutes pertinent to his case.
>
> * * *
>
> Petitioner never exhibited any signs of mental
> incompetence or any cognitive impairment.

Decl. of Helen Cooper at 1, 3.

In addition, there is not any indication in the record that Defendant was incompetent, could not understand the nature of the proceedings, or suffered from any cognitive impairment.

On this record the Court concludes defense counsel did not render ineffective assistance with respect to a request for a competency hearing before trial.

## VI.  Ground Five

In his fifth ground for relief Defendant asserts Coan was ineffective when he failed to retain an expert to counter the testimony of Task Force Officer Scotty Nowning that the lab equipment seized during the conspiracy could produce methamphetamine "super labs" yielding 20-30 pounds.  Defendant, however, does not allege or point to any evidence that suggests Officer Nowning's testimony was inaccurate.  In fact, Luke Skifich, Drug Enforcement Agency (DEA) forensic chemist, testified at trial about his inspection and testing of the lab

11 - OPINION AND ORDER

equipment seized during the conspiracy and stated the lab
equipment was capable of making 20 pounds of methamphetamine "per
cook."  Tr. 390.

On this record the Court concludes Coan did not render
ineffective assistance when he did not retain an expert to
testify as to whether the lab equipment seized during the
conspiracy was capable of producing 20 pounds of methamphetamine
per cook.

**VII. Ground Six**

In his sixth ground for relief Defendant asserts defense
counsel did not advise him that he was facing an enhanced
mandatory minimum sentence based on his prior convictions and did
not notify him that the government had filed a notice to enhance
his sentence under 21 U.S.C. § 851.

Coan testifies in his Declaration that he "gave [Defendant]
very clear notice of both the mandatory minimum sentence and the
enhancement based on his prior conviction.  I sent him a letter,
in English and also translated into Spanish, advising him of
this."  Coan Decl. at 4.  The record confirms Coan sent Defendant
a letter in both English and Spanish on May 5, 2009, in which he
detailed the fact that Defendant was facing an enhanced mandatory
minimum sentence based on his prior convictions and advised
Defendant of the government's § 851 Notice.

On this record the Court concludes Coan did not render

ineffective assistance as to advising Defendant that he was
facing an enhanced mandatory minimum sentence and advising him of
the government's § 851 Notice.

## VIII. Ground Seven

In his seventh ground for relief Defendant asserts counsel
was ineffective when he failed to object to Defendant's firearm
enhancement.  Specifically, Defendant contends it "is clear that
the guns found in Pedro's home were not part of the conspiracy
between him and [Defendant]."

The record, however, reflects Coan objected to the firearm
enhancement in Defendant's Presentence Memorandum and at the
sentencing hearing.

On this record the Court concludes Coan did not render
ineffective assistance related to Defendant's firearm
enhancement.

## IX.  Ground Eight

In his eighth ground for relief Defendant asserts Cooper was
ineffective when she failed to object to the release of
Defendant's proffer statements to the co-Defendants in this
matter.

The June 12, 2007, Proffer Agreement between Defendant and
the government specifically advises Defendant that

> pursuant to Brady v. Maryland, 373 U.S. 83 (1963)
> and related case law, the USAO must provide any
> other indicted defendant all information known to
> the USAO which is material to such defendant's

13 - OPINION AND ORDER

guilt or punishment.  Should [Defendant's] proffer
contain <u>Brady</u> material, the USAO will be required
to disclose this information to the appropriate
defendant(s).

Gov't Resp., Ex. 5 at ¶ 10.  The record reflects the government

resisted release of Defendant's proffer statements until co-

defendants filed a Motion to Compel on February 20, 2008, in

which they sought early release of Defendant's statements.  In

addition, the government counsel advised the Court at sentencing

that

[Defendant's proffer statement] was disseminated
[after co-defendants filed the Motion to Compel],
but only through visits to the U.S. Attorney's
office.  The statement did not leave the U.S.
Attorney's office, and has been very restricted.
The Government's been very restricted in terms of
Mr. Olson had a copy for him to work on during the
Villasenor sentencing.  He was under an agreement
that he would return that copy to the Government.

So there -- the Government has never floated that
statement around, nor used that statement in terms
of substantive way to try to encourage other
defendants to plead.  Only in the context of
safety, that Mr. Oliva could not threaten their
clients if in fact he had said anything.  And that
was only after the Government had to release the
statement pursuant to the discovery rules.

Sentencing Hrg. Tr. 119.  Defendant does not assert and the

record does not reflect Defendant's proffer statements were

released improperly or in violation of the Proffer Agreement.

     The Court, therefore, concludes on this record that Cooper

did not render ineffective assistance when she failed to object

to the release of Defendant's proffer statements to the co-

defendants in this matter.

**X.    Ground Nine**

In his ninth ground for relief Defendant asserts defense counsel was ineffective when they failed to obtain a psychological evaluation of Defendant before trial because Defendant was "incompetent to stand trial and did not understand plea offers that were presented to him."

For the same reasons that the Court concluded defense counsel was not ineffective when they did not request a competency hearing, the Court also concludes defense counsel did not render ineffective assistance when they did not obtain a psychological evaluation of Defendant before trial.

**XI.  Ground Ten**

In his tenth ground for relief Defendant asserts the Court erred when it denied Defendant's Motion to Substitute Attorney Michael R. Levine in place of Thomas Coan because Coan was ineffective.  Defendant, however, did not challenge the Court's denial of his Motion on appeal and has not shown cause and prejudice or actual innocence as an excuse for his failure to raise this issue.  Accordingly, Defendant has procedurally defaulted on this issue and may not raise it as a basis for habeas relief.  *See, e.g., Unites States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003)("A § 2255 movant procedurally defaults in his claims by not raising them on direct appeal and not

15 - OPINION AND ORDER

showing cause and prejudice or actual innocence in response to the default.").

Moreover, the record does not reflect Coan was incapable of properly representing Defendant.  Coan had a thorough grasp of the issues raised and the law that governed Defendant's case. Accordingly, the fact that the Court ultimately denied Defendant's Motion to Substitute Attorney Michael E. Levine for Coan is not a sufficient basis for habeas relief.

## XII. Ground Eleven

In his eleventh ground for relief Coan was ineffective when he failed to request a "*Pinkerton* instruction" for the purpose of explaining to the jury the circumstances under which a defendant can be found vicariously liable for the substantive crimes of his co-conspirators.  *See Pinkerton v. United States*, 328 U.S. 640 (1946).  Defendant also asserts the jury was not instructed "to find how much was attributable to [Defendant] himself."

The record, however, reflects the Court gave the jury a *Pinkerton* instruction when it advised them that a conspiracy has been proven "if the Government proves beyond a reasonable doubt that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy; the defendants knew or had reason to know that other conspirators were involved with."  Trial Tr. 879.

The record also reflects the jury was instructed as to and

understood its obligation to determine the minimum quantity attributable to each defendant.  For example, the jury returned its special verdict as to co-defendant Lopez with a negative finding as to his culpability for the marijuana portion of the conspiracy.  That verdict indicates an apparent jury finding that the government did not prove Lopez had reason to know of the vast marijuana fields controlled by the defendant.

On this record the Court concludes Coan did not render ineffective assistance related to requesting a *Pinkerton* instruction or to instructing the jury "to find how much was attributable to Defendant."

## XIII. Ground Twelve

In his twelfth ground for relief Defendant asserts Coan was ineffective when he failed "to obtain expert services to determine if intercepted calls inhered [*sic*] 'background conversations' and to determine if cell phone can be 'tapped' if it is 'off.'"  Defendant, however, does not explain how the information Defendant contends he would have sought from such an expert would have assisted the defense.

In addition, as the government notes, the record reflects there were not any "stand-alone bugs" placed in telephones "so it is not reasonable to conclude that there might be some method of wiretapping the phone when the phone is off."

Finally, Coan testifies in his Declaration that he did not

17 - OPINION AND ORDER

obtain such an expert because he "had no reason to believe any of the recorded calls contained any background conversations. Based on my recollection, all the recorded calls were actual telephone calls and none contained any background conversations so I did not see the need to hire an expert for this." Coan Decl. at 5.

On this record the Court concludes Coan did not render ineffective assistance when he failed to obtain an expert to evaluate the wiretapped conversations for the purposes asserted by Defendant.

**XIV. Ground Thirteen**

In his thirteenth ground for relief Defendant asserts Coan was ineffective when he failed to object to Skifich's testimony about using a hybrid technique of gas chromatography with infrared detection and to obtain an expert to challenge Skifich's method.

The record, however, reflects during the *Daubert* hearing Bart Reid, an expert hired by co-defendant Lopez, advised co-defendants' counsel that the method used by Skifich satisfied the *Daubert* standard.

On this record the Court concludes Coan did not render ineffective assistance when he failed to object to and/or to obtain an expert to contest Skifich's use of a hybrid technique of gas chromatography with infrared detection.

In summary, the Court concludes Defendant has not

18 - OPINION AND ORDER

established any alleged errors by counsel that prejudiced Defendant as to his conviction or sentence.  Accordingly, the Court denies Defendant's Motion to Vacate or Set Aside Sentence.

Because the legal issues raised in Defendant's Motion are clearly established, the Court declines to grant Defendant a certificate of appealability.

## <u>CONCLUSION</u>

For these reasons, the Court **DENIES** Defendant's Motion (#724) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 6th day of August, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

19 - OPINION AND ORDER